**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JARVIS R. HALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   No. 2:20-cv-2710-JTF-atc |
| | ) |
| v. | ) |
| | ) |
| SHELBY COUNTY, ET AL., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1);
GRANTING LEAVE TO AMEND;
DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 5, 9 & 19);
DENYING MOTIONS FOR DISCOVERY (ECF NOS. 8, 13, 16 & 21);
DENYING MOTION FOR PROTECTION AGAINST DISCLOSURE (ECF NO. 14);
DENYING MOTION ORDERING SUBPOENA (ECF NO. 20);
AND DENYING OMNIBUS MOTIONS (ECF NOS. 10 & 17)**

On September 17, 2020, Jarvis R. Hall, booking number 20105816, who is incarcerated at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  On September 22, 2020, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 4.)

Hall's complaint alleges use of excessive force, "theft by a gov[ernment] official," and "countless assaults while in custody" on unspecified dates at the Jail. (ECF No. 1 at PageID 2.) He further contends that he was "charged with several nonrelated offenses" in retaliation for his attempt to sue officers of the Memphis Police Department and of the Jail. (*Id*.)  Hall sues as Defendants: (1) Memphis Police Department (MPD): and (2) the City of Memphis. (*Id*. at PageID

1 & 2.)  He seeks: (1) monetary damages; (2) removal of assault charges from his criminal record; and (3) provision of psychiatric counseling services.  (*Id*. at PageID 3.)

I.     **BACKGROUND**

Following a dispute concerning proof of ownership for Hall's car, the MPD's impound lot refused to release the vehicle to him.  (ECF No. 1 at PageID 2.)  Hall inexplicably contends that he was "provoked to defend" himself over "losing $480 to a bad cop."  (*Id*.)  He was detained at the Jail, where he was "beaten for days by MPD and [the Jail's] staff."  (*Id*.)  He further states that he was "jumped and stabbed in the head" while confined, but he does not identify the assailants.  (*Id*.)  Although the chronology of events is unclear from Plaintiff's complaint, he suggests that after he initiated suit against the assailants, he was charged with other crimes in retaliation.  (*Id*.)

Hall has also filed eleven motions in this case, which are addressed below.

II.    **LEGAL STANDARDS**

   A.     **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly

suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

  **B.**  <u>**Requirements To State A Claim Under 42 U.S.C. § 1983**</u>

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

### A. Claims Against The Memphis Police Department

Hall names the MPD as a Defendant. (ECF No. 1 at PageID 2.) Police departments are properly characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005). As such, police departments are not proper defendants in a § 1983 action. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Therefore, Plaintiff's claims against the MPD are **DISMISSED** for failure to state a claim to relief.

Liberally construing Hall's complaint, the Court will consider his allegations against the MPD as claims against the City of Memphis. (*See* ECF No. 1 at PageID 1 & 2.) The Supreme Court in *Monell v. New York Social Service*, 436 U.S. 658 (1978), outlined the standard for municipal liability under § 1983. Pursuant to *Monell*, liability must be based on the existence of some policy, procedure, or custom which results in constitutional harm to the plaintiff and may not be predicated solely on the basis of a *respondeat superior* theory. *Monell*, 436 U.S. at 690-91. Furthermore, a municipality is only liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690-91). Additionally, the policy must

4

be connected to the municipality in such a way as to show that the injury was caused by the execution of that policy. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Here, Hall does not allege that the City of Memphis engages in any policy, practice, or custom which results in the deprivation of his federally protected rights. Accordingly, his claims against the City of Memphis are **DISMISSED** for failure to state a basis to relief.

### B. Claims Alleging Excessive Force

Hall states that he was a "victim of excessive force." (ECF No. 1 at PageID 2.) He fails to state a claim for relief because he insufficiently pleads constitutional deprivation.

Pretrial detainees' protection against excessive force is provided by the Fourteenth Amendment's standard of objective reasonableness. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). That standard "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

As noted *supra*, Hall's claims against the City of Memphis and the MPD fail to state a basis for relief.  And to the extent Hall seeks to hold the Jail liable, his claims are liberally construed as claims against Shelby County government since a jail is not a "person" subject to suit under § 1983.  *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

The complaint, however, does not state a valid § 1983 claim against the County.  A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation.  *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  A plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citation omitted).  Hall does not describe any Shelby County policy or custom, let alone one that is unconstitutional or pursuant to which force was exercised upon him.  Therefore, he does not state a claim against Shelby County.

Accordingly, Hall's excessive force claim is insufficiently alleged and is **DISMISSED**.

### C.  Claims Of False Arrest And/Or Malicious Prosecution

Hall states that he was charged with "nonrelated offenses" bearing no connection to his provocation incident with the MPD's impound lot.  (ECF No. 1 at PageID 2.)  Since Plaintiff provides no details, the Court will liberally consider his allegation as both a claim for malicious prosecution and a claim for false arrest.

A claim for malicious prosecution can be brought under either federal or state law.  *See Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005).  A claim for malicious prosecution requires the party to show "that a criminal prosecution was initiated

6

against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute,'" and that the proceedings against them were brought without probable cause. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010); *Voyticky*, 412 F.3d at 675 ("In order to prove malicious prosecution under federal law, a plaintiff must show, at a minimum, that there is no probable cause to justify an arrest or a prosecution"). Further, "in order to prove malicious prosecution under federal law, a plaintiff must show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Voyticky*, 412 F.3d at 675.

Like a claim for malicious prosecution, a claim for false arrest can be brought under either federal or state law. *See Voyticky*, 412 F.3d at 677. To present a *prima facie* case of false arrest under federal law, plaintiffs must show that the arresting officer lacked probable cause. *Id.* An arrest made pursuant to a facially valid warrant usually acts as a complete defense to a false arrest claim. *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979)). Under state law, the party must show "(1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 54 (Tenn. Ct. App. 2013) (citing *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990)). Much like under federal law, the party must show that the officer acted without probable cause. *Id.*

Here, Hall does not allege any of these elements for a *prima facie* case of either malicious prosecution or false arrest. To the extent his complaint asserts such causes of action, those claims are **DISMISSED**.

**D. Claims Of Assault & Theft**

Hall contends that he was the victim of "theft by a gov[ernment] official [and] countless assaults while in custody." (ECF No. 1 at PageID 2.) He again provides no details.

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion on whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including 'values of judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

Because all of the complaint's federal claims are being dismissed, the Court **DECLINES** to exercise supplemental jurisdiction over any claims arising under state law. The complaint's state law claims for theft, assault, malicious prosecution, and false arrest are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

**E. Pending Motions**

(1) <u>Appointment Of Counsel</u>: On October 9, 2020, Hall moved for appointment of counsel because he "lacks resources to provide substantial discovery." (ECF No. 5 at PageID 13.) On October 29, 2020, he filed another motion seeking similar relief because he "lack[s] a paralegal at the [Jail] [and] sufficient resources for legal research." (ECF No. 9 at PageID 37.) Hall's January 15, 2021 "request for an alter in conduct of actions [sic]" finds it "preposterous [for] a mere inmate in the State's custody to represent oneself." (ECF No. 19). Though that motion is largely incoherent, the Court liberally construes it as another request for appointment of counsel.

Given that the Court is dismissing Hall's complaint for failure to state a claim to relief, his motions for appointment of counsel (ECF Nos. 5, 9 & 19) are **DENIED** as moot, subject to his right to re-submit them in the event this case proceeds.

(2)     *Discovery*:  Hall has submitted four applications for discovery directly to this Court. On October 29, 2020, he "move[d] this Court" for "any and all documents and electronic documents" as to his "underlying arrest, incidents, and files associated with arrest #19030962." (ECF No. 8 and PageID 21.)  On December 1, 2020, he "move[d] this Honorable Court to release … any and all forms of illicit behaviorisms, complaints, disciplinary infractions, incident reports, or any other form of grievance … done by the [MPD]."  (ECF No. 13 at PageID 121.)  On December 21, 2020, he filed a "motion to disclosure [sic] and produce documents or electronically stored information and submit" the "above-referenced forms of evidence," which he neither identifies nor otherwise describes.  (ECF No. 16 at PageID 139.)  On January 15, 2021, Hall filed a "motion to examine police officers' personnel files" as to "all officers related to the arrest."  (ECF No. 21 at PageID 164.)  None of his applications warrant relief.  Plaintiff must pursue his discovery requests from Defendants, in accordance with the Federal Rules of Civil Procedure -- and not via a Court order.  *See*, *e.g.*, Fed. R. Civ. P. 34.  *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  There is nothing in the record suggesting that Plaintiff has ever served any discovery requests upon Defendants.  There is, therefore, no discovery response that can be compelled from Defendants at this time.  Furthermore, this Court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *See Maher v. Tennessee*, No. ,

2019 WL 1339602, at *2 (W.D. Tenn. Mar. 25, 2019) (internal citations omitted). Hall's motions for discovery (ECF Nos. 8, 13, 16 & 21[1]) are **DENIED**.

(3)     *Subpoena*: On January 15, 2021, Hall filed a motion "ordering the subpoena of the names of the officers in which were present [sic] in intake during arrest also accepting trust funds [sic]." (ECF No. 20 at PageID 161.)

Given that Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915 (see ECF No. 4), he may have subpoenas issued by the Clerk of the Court and served by the Marshal Service. *See* 28 U.S.C. § 1915(d).  While § 1915(d) requires the USMS to serve an indigent party's subpoena duces tecum, a district court in its discretion may screen an indigent's subpoena requests and, when appropriate, relieve the USMS of its statutory duty to make service. *See* Fed. R. Civ. P. 45(B) ("the court . . . may quash or modify the subpoena if it is unreasonable and oppressive").

Here, the Court finds it appropriate to relieve the USMS of its duty to serve Hall's putative subpoena requests.  While entitled to USMS subpoena service under § 1915(d) as a *pro se* litigant, Hall must still comply with the Federal Rules of Civil Procedure, including Rule 45. *See Pratcher v. McCollum*, No. , 2017 WL 2455179, at *3 (W.D. Tenn. June 6, 2017) (internal citations omitted).  He has not done so.

Rule 45 provides that a subpoena "may command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein." Fed. R. Civ. P. 45(B) (emphasis added).  It is not clear on the face of Hall's putative subpoena to whom it is directed.  Moreover, Plaintiff's request for "the names of officers in the Intake Area on December

---

[1] The Court makes no determination at this juncture on the discoverability of the material sought in Hall's requests, such as his motion to examine MPD officers' personnel files. *See*, *e.g.*, *Kallstrom v. City of Columbus,* 136 F.3d 1055, 1065 (6th Cir. 1998) (police officers' privacy interests implicate an important liberty interest).

10

19, 2019 … [to] allow investigation of the[ir] work ethics and behaviorisms," ECF No. 20 at PageID 161, strikes the Court as overbroad and ambiguous. Hall also does not explain the relevance of the requested documents to any degree. Therefore, the Court **DENIES** Plaintiff's motion ordering a subpoena. (ECF No. 20.)

(4) *Omnibus motions*: On November 24, 2020, Hall filed an omnibus motion that: seeks disclosure of various discovery (ECF No. 10 at PageID 41); repeats his request for appointment of counsel (*id*. at PageID 42); moves to subpoena and to preserve unspecified evidence (*id*. at PageID 43-44); seeks to reserve his "right to file additional motions while this case is pending" (*id*. at PageID 42); and requests extension of his time to serve Defendants. (*Id*. at PageID 45.) To the extent this omnibus motion repeats various requests for relief that he previously filed, *see supra*, it is denied for the reasons explained above. To the extent this motion seeks to modify his obligations as a litigant under the Federal Rules of Civil Procedure, he has not shown good cause for such relief. Moreover, those requests are moot since the complaint is being dismissed for failure to state a claim.

On December 21, 2020, Hall filed another omnibus motion that: seeks "extension to object" ECF No. 17 at PageID 140 & 141); moves to compel unspecified discovery responses (*id*.); seeks to "subpoena witness' prior statement" (*id*.); seeks extension "to respond to an order or motion" (*id*.); and seeks exclusion of "relevant evidence for prejudice, confusion, waste of time or other reasons." (*Id*.) To the extent this omnibus motion repeats various requests for relief that he previously filed, *see supra*, it is denied for the reasons explained above. To the extent this omnibus motion seeks to alter his duties under the Federal Rules of Civil Procedure, he has not shown good cause for such relief. Moreover, those requests are moot since the complaint is being dismissed

for failure to state a claim. Finally, this motion does not plausibly set forth a basis to relief. It generally appears to be a recitation of extracts from various Federal Rules of Civil Procedure.

Therefore, the Court **DENIES** Plaintiff's omnibus motions. (ECF Nos. 10 & 17.)

(5) *Motion For Nondisclosure*: On December 21, 2020, Hall moved "for protection against disclosure." (ECF No. 14.) His motion does not coherently describe the relief it seeks. That is, he asks for both "protect[ion] against the disclosure of mental impressions … of a party's attorney" as well as a "protective order against the disclosure or discovery … of any evidence subject to Rule 26." (*Id.* at PageID 134.) His motion (ECF No. 14) is **DENIED** because: (1) the motion is moot since his complaint is being dismissed for failure to state a claim; and (2) there are presently no (a) discovery responses or (b) work product of counsel in the record to form the basis for relief on Hall's motion.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court grants Plaintiff leave to amend.

## V.     CONCLUSION

For all of the reasons explained above:

(1)  The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(2)  Leave to amend is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment; and

(3)    Hall's motions for appointment of counsel (ECF Nos. 5, 9 & 19), his motions for discovery (ECF Nos. 8, 13, 16 & 21), his motion for protection against disclosure (ECF No. 14), his motion for disclosure and production (ECF No. 16), his motion ordering a subpoena (ECF No. 20), and his omnibus motions (ECF Nos. 10 & 17) are **DENIED**.

**SO ORDERED**, this 14th day of April 2021.

*s/John T. Fowlkes, Jr.*  
JOHN T. FOWLKES, JR.  
UNITED STATES DISTRICT JUDGE